**WILLIAM F. SIGAL**

**v.**

**THREE K'S LTD., a corporation, Appellant**

No. 71-1375

United States Court of Appeals

Third Circuit

Submitted, St. Thomas, January 24, 1972

Decided February 22, 1972

FREDERICK D. ROSENBERG, ESQ. (BAILEY, WOOD & ROSEN-
BERG), Christiansted, St. Croix, V.I., *for appellant*

JOHN D. MARSH, ESQ., Christiansted, St. Croix, V.I., *for
appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS,
*Circuit Judges*

### OPINION OF THE COURT

PER CURIAM:

This is an appeal from a final judgment of the District
Court of the Virgin Islands which affirmed a judgment of
the Municipal Court of the Virgin Islands awarding dam-
ages to the plaintiff for architectural services rendered
pursuant to an American Institute of Architects standard
form contract. The defendant owner contends on appeal
that the Municipal Court erred in proceeding with the trial
and the District Court erred in affirming the judgment
rather than referring the case to arbitration. The Contract
contains this clause:

"12. ARBITRATION: Arbitration of all questions in dispute
under this Agreement shall be at the choice of either party and
shall be in accordance with the provisions, then obtaining, of the
Standard Form of Arbitration Procedure of the American Institute
of Architects. This agreement shall be specifically enforceable
under the prevailing arbitration law and judgment upon the award

rendered may be entered in the court of the forum, state or federal having jurisdiction. The decision of the arbitrators shall be a condition precedent to the right of any legal action."

The owner has at all times asserted the claim to arbitration.

The Legislature of the Virgin Islands has not enacted an arbitration statute. The Federal Arbitration Act, 9 U.S.C. § 1 et seq., is not by its terms applicable to the Municipal Court of the Virgin Islands. Cf. Jos. L. Muscarelle, Inc. v. American Timber & Trading Co., 404 F.2d 467, 469 (5th Cir. 1968). In the absence of an applicable statute we are referred to the rules of the common law as expressed in the restatements of the law approved by the American Law Institute. 1 V.I.C. § 4. The Restatement of Contracts § 550 (1932) provides:

"Except as stated in § 558 [which section is not relevant here], a bargain to arbitrate either an existing or a possible future dispute is not illegal, unless the agreed terms of arbitration are unfair, but will not be specifically enforced, and only nominal damages are recoverable for its breach. Nor is any bargain to arbitrate a bar to action on the claim to which the bargain relates."

■■ Thus the agreement to arbitrate in the first sentence of Article 12 of the Contract quoted above was no bar to an action in debt in the Municipal Court. The last sentence of Article 12 purports, however, to establish as a condition precedent to the right of any legal action the arbitration of "all questions in dispute." The Restatement of Contracts § 551(1) provides:

"A provision in a bargain that arbitration of the whole question of whether there has been a breach of contract shall be a condition of any right is illegal, but does not invalidate the remainder of the bargain."

Illustration #1 of Comment a to § 551 states that this prohibition applies to a determination by the arbitrators of whether a cause of action exists. Thus the last sentence of

Article 12 is, by virtue of § 551(1) illegal, and the remainder of the article is by virtue of § 550 unenforceable if one party chooses not to submit to arbitration. Cf. Murray Oil Products Co. v. Mitsui & Co., 146 F.2d 381, 383 (2nd Cir. 1944).

The appellee has moved to dismiss the appeal on the ground that judgments of the District Court of the Virgin Islands reviewing on appeal judgments of the Municipal Court are not appealable to this court. The soundness of this Court's reasoning in Southerland v. St. Croix Taxicab Ass'n, 315 F.2d 364, 366 (3rd Cir. 1963), finding such appeals to be within its jurisdiction under 28 U.S.C. § 1291, is not affected by the 1965 amendments to 4 V.I.C. § 33. Appellee's motion to dismiss the appeal will, therefore, be denied.

The judgment of the district court will be affirmed.