**TUTU PARK, LTD., Appellant,**

v.

**O'BRIEN PLUMBING CO., INC. d/b/a O'Brien Construction, Appellee.**

**No. Civ.A.2000–080.**

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas.

Jan. 15, 2002.

Treston E. Moore, St. Thomas, U.S.V.I., for appellant.

Maria T. Hodge, St. Thomas, U.S.V.I., for appellee.

BEFORE: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and EDGAR D. ROSS, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

Tutu Park, Ltd. ["Tutu Park"] appeals the order of the Territorial Court continuing *sine die* a scheduled hearing to determine the arbitrability of its claims against O'Brien Plumbing Co. d/b/a O'Brien Construction ["O'Brien"] and referring the parties to mediation. For the reasons set forth below, the Court will dismiss this appeal for lack of jurisdiction.

## PROCEDURAL BACKGROUND

Tutu Park and O'Brien are parties to a construction contract containing an arbitration clause. After a dispute arose between the parties, Tutu Park filed an action in the Territorial Court seeking an order compelling the parties to arbitrate their dispute. O'Brien Construction filed its answer and counterclaim, and later filed a third-party complaint against parties related to the construction agreement. In both pleadings, O'Brien seeks damages as well as declaratory judgment.

While Tutu Park's action for declaratory relief was still pending before the Territorial Court, Tutu Park advised O'Brien that it intended to proceed with arbitration with the American Arbitration Association without awaiting the Territorial Court's decision with respect to the issue of arbitrability. O'Brien filed a motion for a temporary restraining order and preliminary injunction to stop Tutu Park from continuing with arbitration proceedings while the question of arbitrability remained unresolved in the Territorial Court. At the hearing on O'Brien's motion for a temporary restraining order, the parties stipulated that they would not go forward with any arbitration proceedings while the Territorial Court's decision on the issue of arbitrability was still pending. Accordingly, O'Brien withdrew its motion for a temporary restraining order, and the parties agreed that the issue would be set before the Territorial Court in a motion for partial summary judgment. After the issue was fully briefed, but shortly before the date set for hearing, the Territorial Court judge continued *sine die* the hearing on the partial motion for summary judgment and ordered the parties to mediation. This appeal followed.

## ISSUES PRESENTED

1. Whether the Territorial Court's order continuing the hearing on a motion for summary judgment on arbitrability and referring the parties to mediation is an appealable order.

2. Whether the Territorial Court lacked subject matter jurisdiction to order the parties to mediation while a motion for partial summary judgment on the issue of arbitrability of some of the claims was pending.

3. Whether the Territorial Court erred as a matter of law by postponing a ruling on the issue of arbitrability.

4. Whether the Territorial Court erred as a matter of law in failing to enter a stay of all proceedings in the Territorial Court while the motion for summary judgment on arbitrability was pending.

## DISCUSSION

This Court has appellate jurisdiction to review judgments and orders of the Territorial Court in all civil cases. *See* V.I.CODE ANN. tit. 4, § 33; Revised Organic Act of 1954 § 23A.[1] The broad scope section 33 has been "judicially narrowed in conformity with the practice of the Courts of Appeals (set out in 28 U.S.C. §§ 1292 & 1293)" so that as a general rule, only final judgments and orders are appealable. *Government of the Virgin Islands v. de-Jongh,* 28 V.I. 153, 163–64, 1993 WL 661726 (D.V.I.1993). Ordinarily, an order is "final" for purposes of appellate review by this Court "if it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce what has been determined." *See Virgin Islands ex rel. Larsen v. Ruiz,* 145 F.Supp.2d 681, 683–84 (D.Virgin Islands 2000). Exceptions to this rule include those made by this Court "in the extraordinary case," *see, e.g., id.* at 684 (concluding that "our final judgment rule does not bar appeals from Territorial Court orders

bearing directly on the non-custodial parent's obligation to pay child support"); the specific exceptions set forth in and governed by Rule 6 of the Virgin Islands Rules of Appellate Procedure, *see* V.I.R.App.P. 6 ("Appeals by Permission"); and specific statutes applicable to the Virgin Islands, such as the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ["FAA"], *see Government of the Virgin Islands v. United Indus. Workers, N.A.,* 38 V.I. 170, 182, 987 F.Supp. 439, 446 (D.Virgin Islands 1997).

Because the only order being appealed in this case is the purely interlocutory order entered by the Territorial Court continuing the hearing on the issue of arbitrability and referring the parties to mediation, the threshold question is whether the Territorial Court's order is appealable. Tutu Park relies on section 16(a) of the FAA, which sets forth specific orders subject to immediate appellate review under the FAA. In response, O'Brien asserts that even if the FAA applies (a proposition it only weakly disputes), section 16(a) does not provide a basis for appealing the Territorial Court's order. As a result, O'Brien argues, the order is nothing more than an ordinary interlocutory order unappealable under Virgin Islands law.

■■■ It is now settled that both the procedural and substantive provisions of the FAA apply to proceedings in the Territorial Court. *See Government of the Virgin Islands v. United Indus. Workers,* 38 V.I. at 182, 987 F.Supp. at 446 ("[T]he procedural, as well as the substantive, provisions of the Federal Arbitration Act are available to parties to seek recourse in the Territorial Court of the Virgin Islands to validate, enforce, modify, or vacate agree-

---

**1.** 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I.CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I.CODE ANN. tit. 1).

ments to arbitrate.").[2]  Thus, section 16(a) is a valid basis for appealing an order entered by the Territorial Court.  *See id.,* 38 V.I. at 183–84 & n. 21, 987 F.Supp. 439, 446 & n. 21.  The order from which Tutu Park would like to appeal, however, is not an order to which the provisions of section 16(a) apply.

Tutu Park would have us construe the Territorial Court's order continuing the hearing on arbitrability and referring the parties to mediation as either (1) an order refusing a stay of proceedings under section 3 (appealable under section 16(a)(1)(A)), or (2) an order denying an arbitrability petition made pursuant to section 4 (appealable under section 16(a)(1)(B)).[3]  We cannot agree.

The Territorial Court's order is purely interlocutory, being neither an order refusing to stay a court action in favor of ar-bitration nor an order denying a motion to compel arbitration.  While section 3 provides for a stay of proceedings in the trial court, such a stay is proper only if the Court is first satisfied that the issues involved are referable to arbitration.  *See* 9 U.S.C. § 3. The motion for partial summary judgment, whose purpose is to determine whether the issues involved are referable to arbitration, is still pending before the trial judge.  Tutu Park thus had no grounds to seek a stay under section 3, nor did the trial court have any to grant one.  Because the Territorial Court had not yet decided the question of arbitrability, it necessarily could not have entered an order "refusing to stay [proceedings] under section 3" as described in section 16(a)(1)(A).  Thus, section 16(a)(1)(A) provides no basis for our appellate jurisdiction.

**2.**  Our conclusion that both the procedural and substantive provisions of the FAA apply in the Territorial Court was affirmed by the Court of Appeals for the Third Circuit.  *See Government of the Virgin Islands v. United Indus. Workers, N.A.,* 40 V.I. 489, 497–98 & n. 9, 169 F.3d 172, 177–78 & n. 9 (3d Cir.1999). Tutu Park expends some energy in an effort to show that the FAA applies to the proceedings below by virtue of the contract's interstate character.  This energy is misspent, however, as the commerce evidenced in the contract for arbitration need not have an "interstate character" for the provisions of the FAA to apply in the Territorial Court *as a matter of Virgin Islands common law.  See id.* at 497, 169 F.3d at 177–78 ("The Federal Arbitration Act, 9 U.S.C. §§ 1–16, applies to [the appellant's] employment contract by virtue of its interstate character and through application of the common law.").  As a matter of *Virgin Islands* law, however, there is no need for any interstate nexus for the provisions set forth in the FAA to apply to a contract.  Thus, in practical terms, the Court need not make any determination with respect to the interstate character of the contract in order to conclude that the provisions of the FAA apply in this purely territorial action.

**3.**  Section 16(a) provides:

An appeal may be taken from—
(1) an order—
(A) refusing a stay of any action under section 3 of this title,
(B) denying a petition under section 4 of this title to order arbitration to proceed,
(C) denying an application under section 206 of this title to compel arbitration,
(D) confirming or denying confirmation of an award or partial award, or
(E) modifying, correcting, or vacating an award;
(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
(3) a final decision with respect to an arbitration that is subject to this title.
9 U.S.C. § 16(a).  Section 3, referred to in subsection (1)(A) above, provides for the stay of trial proceedings upon the court's "being satisfied that the issue involved ... is referable to arbitration under [an agreement in writing for arbitration]."  *Id.* § 3. Section 4, referred to in subsection (1)(B) above, provides that a party to a written arbitration agreement may petition the court to compel arbitration when the other party has defaulted by "fail[ing], neglect[ing], or refus[ing] to ar-britrate."  *Id.* § 4.

Equally unavailing is the would-be appellant's argument that the order referring the parties to mediation is appealable under section 16(a)(1)(B) as an order denying a petition to compel arbitration under section 4. Even assuming that Tutu Park's "complaint for declaratory judgment" is in fact a petition for arbitration under section 4, the trial judge has yet to consider it, much less deny it. Rather, the court continued a hearing on a partial motion for summary judgment on the specific question of arbitrability.

■ Further, we can find no basis in law for Tutu Park's contention that the trial court effectively denied a petition for arbitration by ordering mediation before resolving arbitrability, and it has provided none. Section 4 itself provides that ordinary trial procedures apply to the question of arbitrability. *See* 9 U.S.C. § 4 (providing for an initial hearing and then trial by jury under the Federal Rules of Civil Procedure if the making of an agreement for arbitration or the failure to arbitrate is "in issue"). Conversely, nothing in section 4 remotely suggests that a court cannot require mediation under its rules and procedures before deciding the issue of arbitrability. Since section 4 of the FAA does not prevent the trial court from referring the parties to mediation before determining the question of arbitrability, this Court declines Tutu Park's invitation to treat the Territorial Court's interlocutory order as the effective denial of its petition to compel arbitration.[4]

## CONCLUSION

As a matter of Virgin Islands law, the appeal provisions set forth in section 16(a) of the FAA apply to the Territorial Court. The order entered by the Territorial Court in this case is not an appealable order under section 16(a)(1)(A) or (B) because it neither refused a stay of proceedings in the Territorial Court nor denied a petition for arbitration. Further, in an action to compel arbitration under Virgin Islands law, section 4 of the FAA does not preclude the Territorial Court's use of extra-judicial mediation proceedings pursuant to TERR.CT.R. 40 before it resolves the question of arbitrability. An order to mediate under these circumstances is interlocutory and unappealable. Without section 16 as a viable avenue for appeal, Tutu Park is also without any other basis for this Court to review the Territorial Court's purely interlocutory order.[5] Accordingly, this appeal will be dismissed for lack of jurisdiction.

## ORDER OF THE COURT

**AND NOW**, this 15th day of January, 2002, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

---

4. Further, contrary to the would-be appellant's assertions, the trial court did not violate an "existing stay" of court proceedings. There was never any stay of court proceedings entered by the trial judge; rather, the parties agreed not to "take any actions with respect to scheduling or moving forward in a pending *arbitration proceeding*" until the question of arbitrability was resolved in the Territorial Court. (*See* J.A. at 218 (order entered March 1, 2000) (emphasis added).)

5. Although a party may petition the Appellate Division for permission to appeal an order "not otherwise appealable," Tutu Park has not complied with the procedures set forth by that rule. *See* V.I.R.App.P. 6(a) (order being appealed must "contain[ ] a statement by a Territorial Court judge that such order involves a controlling question of law about which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation").

**ORDERED** that this appeal is **DIS-MISSED** for lack of jurisdiction.