**CELIA DANIEL and LLOYD DANIEL, Plaintiffs**

**v.**

**TREASURE BAY VIRGIN ISLANDS CORP. and GRAPETREE
SHORES, INC. d/b/a DIVI CARINA BAY RESORT AND CASINO,
Defendants**

Case No. SX-10-CV-206

Superior Court of the Virgin Islands

Division of St. Croix

May 14, 2015

BRADY, *Judge*

## MEMORANDUM OPINION AND ORDER

(May 14, 2015)

THIS MATTER is before the Court on Motion to Compel Arbitration and for Stay of Proceedings of Defendant Grapetree Shores, Inc. and Defendant Treasure Bay Virgin Islands Corp. (jointly referred to herein as "Defendants") ("Motion"),[1] filed July 2, 2010; Plaintiffs' Opposition thereto ("Opposition"), filed July 15, 2010; Defendant Treasure Bay VI Corp's Reply, filed July 22, 2010; Defendant Treasure Bay VI Corp's Supplemental Authority in Support of Motion to Compel Arbitration and for Stay of Proceedings, filed October 28, 2010; Plaintiffs' Notice to the Court, dated October 29, 2010; Defendants' Notice of Filing Supplemental Authority, filed May 3, 2011; Defendants' Notice of Filing Supplemental Authority, filed April 10, 2013; and Plaintiffs' Response to Defendant's Supplemental Filings ("Plaintiffs' Supplement"), filed May 14, 2013.

---

[1] Defendants filed separate Motions to Compel Arbitration and for Stay of Proceedings, both filed July 2, 2010. The Motions were mirror images of each other, except the identity of the named Defendant, therefore the Motions will be referred to as a single motion, for clarity. A hearing on the Motion was held on September 27, 2010 before Honorable Julio A. Brady, following which the parties were granted 30 days to file any supplemental briefing. The Motion remains pending.

## BACKGROUND

Plaintiffs allege that on September 25, 2008, Celia Daniel attended a memorial service on the ground floor of Defendants' premises when the chair she sat in broke, causing her to fall and sustain bodily injury.[2] Amended Complaint, at ¶¶ 7-8. Plaintiff Celia Daniel ("Celia")[3] claims that her injury resulted in lost wages and earning capacity, medical expenses, permanent disability, and pain and suffering. *Id.* at ¶¶ 10, 14. Plaintiff Lloyd Daniel ("Lloyd"), Celia's husband, seeks compensation for the loss of the services of his spouse, including loss of sexual intimacy, love and affection, and deterioration of quality of life that he shared with his spouse. *Id.* at ¶ 11. By their Motion, Defendants argue that Plaintiffs' claims are subject to an arbitration agreement, and thereby ask the Court to enter an order compelling arbitration and staying proceedings pending the completion of arbitration. Motion, at 1.

## DISCUSSION

■ The Federal Arbitration Act ("FAA") states that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. This Court may enforce arbitration agreements pursuant to the Act. *See Gov't of the Virgin Islands v. United Indus. Workers*, 987 F. Supp. 439, 38 V.I. 170 (D.V.I.1997).

■ When ruling on a motion to compel arbitration under the FAA, the merits of the underlying claims are not considered. *Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997). The standard used is that of summary judgment, as arbitration will only be ordered when there

---

[2] Plaintiffs' Amended Complaint, filed June 9, 2010, alleges that the chair was rented from Reliable Rentals. Amended Complaint, at ¶ 8. On October 4, 2012, Plaintiffs filed a Motion to Serve Amended Complaint Out of Time, seeking an extended period of time to serve Reliable Rentals, first named as Defendant in the Amended Complaint, but never served with process. Plaintiff's Motion to Serve Amended Complaint Out of Time was denied by Order entered May 14, 2015, dismissing Plaintiffs' claims against Reliable Rentals without prejudice. The caption herein is amended to reflect that Order.

[3] Plaintiffs are referred to herein informally by their first names solely to avoid potential confusion regarding their separate claims.

is no genuine issue of fact concerning the formation of the agreement to arbitrate. *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980). The party opposing a motion to compel arbitration receives "the benefit of all reasonable doubts and inferences that may arise." *Id.* "However, once the movant has carried its initial burden, the opposing party 'must do more than simply show that there is some metaphysical doubt as to material facts.'" *Richardson v. Virgin Islands Port Auth.*, 2010 U.S. Dist. LEXIS 40787, *9 (D.V.I. 2010) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

■ Courts have consistently interpreted the FAA as instituting a policy that favors dispute resolution through arbitration. *Century Indem. Co. v. Certain Underwriters at Lloyd's London*, 584 F.3d 513, 522 (3d Cir. 2009). Thus, "any doubt over whether a particular dispute is covered by an arbitration agreement should be resolved in favor of finding coverage." *Richardson*, 2010 U.S. Dist. LEXIS 40787, at *12 (citing *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 55 (3d Cir. 2001). Therefore, "if there is a way to interpret the arbitration clause so as to encompass the disputed issue, the FAA provides that courts should compel arbitration." *Id.* (citing *Smith v. The Equitable*, 27 F. Supp. 2d 565, 568 (E.D. Pa. 1998)). When arbitration is ordered, the action is to be stayed pending the conclusion of arbitration. *Lloyd v. Hovensa, LLC*, 369 F.3d 263, 269 (3d Cir. 2004).

In support of their Motion, Defendants submit the Divi Carina Bay Resort and Casino Beachcomber's Gold Club Membership Agreement, signed by Celia Daniel ("Agreement"). *See* Motion, Exhibit 1. The Agreement includes an "Agreement to Arbitrate" *Id.* at 2-4. The Agreement states that "[i]f either party asserts a Claim against the other, either party may elect to have that Claim resolved by arbitration." *Id.* at 3. The Agreement defines a "Claim" as "any dispute between you and us that arises from or relates in any way to the Facilities and/or Services,[4] including disputes concerning: (1) the quality, safety or suitability of the Facilities and/or Services. . . ." *Id.* at 3. "Facilities and/or Services" is defined by the Agreement as "the lodging, food, beverage, refreshment,

---

[4] Each of the Defendants is clearly a "party" to the Agreement and included within the definition of "us," according to the terms of the Agreement. *See* Motion, Exhibit 1, at 2-3. Further, Plaintiffs' have never argued that either of the Defendants is not a party to the Agreement.

beachfront, water, gambling, recreational and/or other facilities and/or services offered or provided by, at or in connection with the Club and/or the Resort and Casino or other establishments owned, leased or operated by us." *Id.*

■ Plaintiffs' Amended Complaint alleges that Celia's injury occurred while she "was an invitee on Defendant, Treasure Bay and Grapetree premises. . . ." Amended Complaint, at ¶ 7. And Celia's allegation that the chair on which she was seated "suddenly broke beneath her causing her to fall backwards, and sustain serious bodily injury" is a dispute between Celia and Defendants concerning the "safety or suitability of the Facilities." *See* Amended Complaint, at ¶ 8; Motion, Exhibit 1, at 3. Therefore, Celia's claim against Defendants falls within the signed arbitration agreement.

Plaintiffs argue that the Agreement "is inapplicable to the current case." Opposition, at 1. Plaintiffs argue that "there is no valid agreement to arbitrate the personal injury matter suffered by the Plaintiffs while Celia Daniel was a guest at a memorial service in the banquet hall." *Id.* at 2. However, the plain language of the agreement does not limit the scope of the agreement to Celia's actions "in her capacity as a member of the Beachcomber's club." Rather, the Agreement clearly states that it covers any claim by Celia against Defendants that occurs in Defendants' facilities.[5]

■ The Court recognizes the inefficiency of separating Plaintiffs' claims — there is no argument before the Court that Plaintiff Lloyd Daniel's claim falls under a valid arbitration agreement. However, the Supreme Court of the United States has clearly stated that "Federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are

---

[5] Plaintiffs argue that "the Agreement only covered those disputes that would arise within the context of her use of casino facilities for the purpose of activities related to gaming." Plaintiffs' Supplement, at 3. However, Plaintiffs offer no language from the Agreement itself to support such an interpretation, nor do Plaintiffs ever address the actual language of the Agreement in any of their filings, even though the "primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." *Allen v. HOVENSA, L.L.C.*, 59 V.I. 430, 439 (V.I. 2013) (internal quotations omitted) (citing *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 682, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010)).

parties to the underlying dispute but not to the arbitration agreement."
*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 20,
103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). Although Lloyd's claims are
derivative of Celia's claims, they are separable, and therefore the Court
will stay further litigation of Lloyd's claims pending the disposition of
Celia's arbitrable claims. *See Brown v. KFC Nat'l Mgmt. Co.*, 82 Haw.
226, 921 P.2d 146, 163 (1996).

On the basis of the foregoing, it is hereby

ORDERED that Defendants' Motion is GRANTED and this matter is
STAYED pending the conclusion of arbitration. It is further

ORDERED that counsel for Plaintiffs and counsel for Defendants are
jointly obligated to promptly advise the Court upon the conclusion of
arbitration.