LOCAL 272, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Plaintiff,

v.

PENNSYLVANIA POWER COMPANY, Defendant.

Civ. A. No. 86–987.

United States District Court, W.D. Pennsylvania.

Sept. 29, 1986.

Ronald L. Gilardi, Pittsburgh, Pa., for plaintiff.

Edward N. Stoner, II, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff union seeks to vacate an arbitration award solely on the ground that it was rendered 5 days later than the time specified in the collective bargaining agreement. The parties have submitted this matter on cross motions for summary judgment with evidentiary material and, there being no disputed issues of material fact, we conclude that plaintiff's position is without merit and award summary judgment to defendant.

The union cites Article 8, Section 2(c) which reads in pertinent part:

c. The arbitrator *shall* issue his written decision within thirty (30) days after the hearing or following the time limit for submission of briefs....

Here, all briefs were received by March 10, 1985, and a decision was rendered on April 15, 1985. On the basis of this 5 day delay, the union seeks to vacate the award.

Defendant relies on *Teamsters v. Anchor Motor Freight*, 415 F.2d 220 (3d Cir. 1969), which held that an arbitration award issued 7½ months after it was due was not invalid. Plaintiff correctly points out that in that case regulations of the Federal Mediation and Conciliation Service adopted by the parties expressly stated that tardiness would not invalidate an award. However, the court's rationale is still applicable here:

Here arbitration is the substitute for industrial strife. The requirements of federal labor policy will be served by requiring that if the parties intend to provide for the automatic invalidation of a late award they must say so in unequivocal language. If they do not so provide, the authority of the arbitrator will expire after a reasonable time beyond the period originally fixed for the award has gone by. Where the parties consent to

an extension of time for the award; they are not bound endlessly and one party may effectively terminate his consent before the award is handed down by giving reasonable notice, and, of course, its reasonableness must be judged in the light of the surrounding circumstances, including any element of harm or prejudice.

Here the Union has neither alleged nor proved any injury from the delay or any other special circumstances, and it cannot be said in the light of the conduct of the parties that the arbitrator's delay was so unreasonable that the Union could terminate its consent by a notice which it made effective immediately.... Indeed, to set the award aside now would only add to the delay of which the Union complains, for it would require the commencement of a new arbitration proceeding before another arbitrator. The arbitrator's award, therefore, was binding on the parties and should not have been invalidated.

*Id.*, 415 F.2d 225–6. See also, *West Rock Lodge No. 2120, IAM v. Geometric Tool Co.*, 406 F.2d 284, 286 (2nd Cir.1968); *Lodge 725, IAM v. Mooney Aircraft, Inc.*, 410 F.2d 681, 71 LRRM 2121, 2123 (5th Cir.1969). Here the collective bargaining agreement does not state the consequences of the failure of an arbitrator to file his award within the specified time. Accordingly, we will not read into the contract a provision of automatic invalidation. Furthermore, the plaintiff has neither alleged nor proved any prejudice or harm resulting from this negligible delay.

It is also apparent from past conduct of the parties with regard to late arbitration awards that the time limit was directory and not mandatory. It is undisputed that 19 previous arbitration awards had come after the 30 days specified in the collective bargaining agreement, and neither the union nor the company had ever objected to the validity of those awards. This course of conduct is persuasive evidence of the directory nature of the time limit.

It also appears from undisputed facts of record that any viable objection based on timing of the award was waived when counsel for the union was advised by the arbitrator in this case that the decision would be delayed a week because of the press of business. No objection was raised despite the opportunity to avoid a dispute as to the timeliness of the award. We therefore conclude that any objection as to timeliness was waived by counsel's failure to object when the arbitrator announced his plans.[1]

For these reasons, summary judgment will be entered in favor of defendant and against plaintiff. Defendant's request for an award of fees and costs will be denied.

---

**1.** Because it is not necessary to resolve this dispute, we do not address defendant's contention that the 30 day period was intended to be 30 *working* days and that the arbitrator's decision was therefore timely.