**Judith D. SYMONS, Appellant**

v.

**SCHUYLKILL COUNTY VOCATIONAL SCHOOL, I.U. # 29 and Schuylkill County Vocational School, I.U. # 29 Education Association and Pennsylvania State Education Association.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 15, 2005.

Decided Oct. 12, 2005.

George R. Hludzik, Drums, for appellant.

James G. Caravan, Schuylkill Haven, for appellee, Schuylkill County Vocational School, I.U. # 29.

A. Martin Herring, Philadelphia, for appellee, Schuylkill County Vocational School, I.U. # 29 Education Association.

BEFORE: LEADBETTER, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this grievance arbitration case we are asked to consider the circumstances in which an arbitrator may clarify an award. Judith Symons appeals an order of the Court of Common Pleas of Schuylkill County (trial court) dismissing her appeal from a grievance arbitrator's 2004 clarification of a 2002 award. Because we agree Symons' actions were untimely, we affirm.

Symons was employed by Schuylkill County Vocational School, I.U. # 29 (Employer) as a teacher in the Medical Assisting Program until her furlough in August 2000 for what Employer characterized as insufficient student enrollment and economic considerations. The Schuylkill County Vocational School, I.U. # 29 Education Association and the Pennsylvania State Education Association (collectively, Association) filed grievances on behalf of Symons and three other furloughed teachers,[1] asserting the grievants were furloughed without just cause in violation of the collective bargaining agreement (CBA).

The matter was referred to an arbitrator, who held a hearing and in 2002 issued an award and opinion. In his opinion, the arbitrator fully outlined the parties' contentions and proof. As to staff reductions, the arbitrator noted the Association's contention that the reductions were made for solely economic reasons and there was no evidence of insufficient student enrollment. In addition, the Association argued the grievants were given insufficient notice of their furloughs.

Also, the arbitrator acknowledged Employer's evidence of declining enrollment over the five-year period preceding the furloughs. Specifically, as to Symons, enrollment in the Medical Assisting Program declined by 70%. Employer argued the fact that there was some economic benefit to it due to the furloughs was irrelevant, as the evidence showed sufficient declining enrollment.

As to seniority and "bumping" claims, the arbitrator referenced the Association's evidence that a full-time substitute teacher taught the classes previously taught by the grievants after the furloughs. The Association argued Symons was senior to this substitute teacher and should have been recalled by Employer to fill the position created for the substitute teacher. Further, the Association argued the failure to recall Symons as the more senior employee violated what is commonly known as the School Code [2] and the CBA.

---

1. Although the Association filed grievances on behalf of four teachers, one teacher did not appear at the arbitration hearing; accordingly, the arbitrator's award considered only the claims on behalf of Symons and two others, Carol Kuehner and Anna Brose.

2. Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–

In addition, the arbitrator pointed out Employer's evidence that all of the grievants (with the possible exception of Brose) were the least senior in their particular areas of certification.

The arbitrator's award, issued on May 2, 2002, stated, "The grievance is denied in that the [Employer] did not violate the collective bargaining agreement or School Code when it furloughed/suspended the three grievants because of insufficient student enrollment." Reproduced Record (R.R.) at 5a. The award went on to discuss the issue of Brose's seniority and to direct the parties to ascertain whether Brose should have been recalled by Employer.

Approximately four months later, on September 4, 2002, counsel for the Association sent a letter to the arbitrator noting the parties "find themselves in dispute" as to two issues: 1) whether Brose was entitled to seniority; and 2) "What relief ir [*sic*] any is appropriate for Judith D. Symons." R.R. at 139a. Counsel requested a telephone conference to discuss these issues.

Because of questions relating to proper notice to opposing counsel, counsel for the Association sent the same letter to the arbitrator again about a month later. The identical letter was sent to the arbitrator again in December 2002. The arbitrator contacted the attorneys in May 2003, about a year after the award, asking for a confer-

ence call to decide whether another hearing was required. No new hearing was held, and each attorney submitted a letter to the arbitrator outlining their respective positions.

Finally, on March 15, 2004, the arbitrator issued a "Clarification of May 2, 2002 Award" noting the correct seniority date for Brose and stating, "The contention of the Association that there is a contractual basis upon which Judith Symons can bump [the substitute teacher] is denied." R.R. at 148a.

On April 8, 2004, Symons filed a notice of appeal with the trial court, appealing the 2004 clarification. Thereafter, Employer filed a Motion to Dismiss, asserting Symons' appeal was untimely because it was not filed timely as to the initial 2002 award, and because the 2004 clarification was void and of no legal effect.[3]

After a hearing, the trial court determined the arbitrator's 2002 award was final as it related to Symons and was not subject to clarification. Therefore, the trial court granted the motion to dismiss Symons' appeal as untimely.[4]

Symons filed a timely appeal to this Court,[5] asserting a number of bases for appeal. For reasons discussed more fully below, we determine the trial court properly dismissed Symons' appeal as untimely.[6]

---

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.

**3.** Association intervened in the appeal, contending Symons lacked standing to pursue the appeal because only the Association had standing. Also, Symons filed a motion to introduce as after-acquired evidence the amount of a settlement between Employer and Brose.

**4.** The trial court further determined the after-acquired evidence sought to be introduced by

Symons was cumulative and denied the motion.

**5.** Our review of a trial court's grant of a motion to dismiss is limited to determining whether the trial court abused its discretion or committed an error of law. *Miranda v. City of Phila.*, 166 Pa.Cmwlth. 181, 646 A.2d 71 (1994).

**6.** The Association takes no position on the issue of the timeliness of Symons' appeal.

Under the Uniform Arbitration Act (Act),[7] an arbitrator may modify or correct the award for the purpose of clarifying the award on application of one of the parties. 42 Pa.C.S. § 7311(a). However, the Act specifies such application "shall be made within ten days" after delivery of the award to the applicant. 42 Pa.C.S. § 7311(b). Moreover, when a party seeks judicial review of an arbitrator's award, whether by asking the court to vacate the award or to modify or correct the award, such judicial review must be sought within 30 days of delivery of the award to the applicant. 42 Pa.C.S. § 7314–7315.

Here, Symons did not seek clarification of the 2002 award within the period set forth in the Act. In addition, Symons failed to seek judicial review of the 2002 award within the time period set forth in the Act. In particular, the application to the arbitrator for clarification was made four months after the 2002 award, and the application to the trial court was made almost two years after the 2002 award. Based on the provisions of the Act, Symons' appeal of any issue decided in the 2002 award is untimely.

▪ Despite her failure to comply with the time restrictions of the Act, Symons argues her appeal was timely. She contends that because the arbitrator failed to rule on an issue before him, that of her seniority, his 2002 award was not final and he retained authority to clarify the award under an exception to the *functus officio* doctrine. Symons relies on the Superior Court's recent decision in *Stack v. Karavan Trailers, Inc.*, 864 A.2d 551 (Pa.Super.2004). For reasons set forth hereafter, we disagree.

In *Stack*, the Superior Court laid out the common law doctrine of *functus officio*:

[A]rbitrators are the final judges of both the facts and the law and their decision will not be disturbed for a mistake of fact or of law.... It is an equally fundamental common law principle that once an arbitrator has made and published a final award his authority is exhausted and he is functus officio and can do nothing more in regard to the subject matter of the arbitration.

*Stack*, 864 A.2d at 556 (citations omitted). *Accord, Martino v. Workers' Comp. Appeal Bd. (PECO Energy)*, 813 A.2d 945 (Pa.Cmwlth.2002). However, the Superior Court noted there are three exceptions to this doctrine:

(1) an arbitrator can correct a mistake which is apparent on the face of his award;

(2) where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination; and

(3) where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify.

*Stack*, 864 A.2d at 556 (citations omitted).

More particularly, Symons argues the 2002 award satisfies both the second and third exceptions to the *functus officio* doctrine. Symons contends the 2002 award was not final and binding because it failed to determine the seniority date for Brose. Symons also contends the 2002 opinion "failed completely" to discuss Symons' seniority rights, and the 2002 award "failed to mention Symons at all" even though she was the most senior employee furloughed. Symons Br. at 21.

---

7. 42 Pa.C.S. §§ 7301–7362. Although Symons argued before the trial court the Act was inapplicable to this case, she abandons that argument on appeal.

■ The second exception to the *functus officio* doctrine arises where an award does not adjudicate a submitted issue. As to that issue, the arbitrator retains jurisdiction. Here, the 2002 award expressly reserved the issue of Brose's seniority, and as to that issue the arbitrator retained jurisdiction. This exception, however, does not apply to the other grievants, including Symons, whose claims were expressly resolved against them.

■ The third exception to the *functus officio* doctrine arises where a seemingly complete award contains an ambiguity which leaves doubt as to whether the submission was fully executed. Here, there is no ambiguity as to the award. The arbitrator recounted the parties' contentions and proof, including evidence relating to Symons' seniority and "bumping" claims under the CBA and the School Code. R.R. at 8a, 12a. He thereafter decided, "The grievance is denied in that the [Employer] did not violate the collective bargaining agreement or the School Code when it furloughed/suspended the three grievants because of insufficient student enrollment." R.R. 5a, 13a. Thus, all Symons' claims occasioned by her furlough and based on the CBA and the School Code were denied. Only an unreasonably hopeful reading of the 2002 award supports a contrary conclusion.

*Stack*, the case upon which Symons relies, does not compel a different conclusion. In that case the parties agreed the arbitration was to be bound by common law principles. Here, however, common law principles do not obtain; rather, this case is governed by statutory arbitration. *See* 42 Pa.C.S. § 7302(a),(b). Thus, the time limits of the Act apply.

■ Moreover, the doctrine of *functus officio* is a common law concept and applies to common law arbitrations. *La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569 (3rd Cir.1967). Because the current matter is not governed by common law principles, the doctrine has no application in this case. For all the foregoing reasons, the common law doctrine of *functus officio* does not support relief here.

■ Symons next argues Employer waived any objection to the timeliness of the application to the arbitrator to clarify the 2002 award by participating in the process that led to the 2004 clarification. We disagree.

Symons cites three federal cases for the proposition that Employer waived its timeliness objection. None of the cases, however, deals with statutory time limits on seeking clarification and judicial review. Symons first quotes from *Local 272, Int'l Bhd. of Elec. Workers, AFL–CIO v. Pa. Power Co.*, 645 F.Supp. 138, 140 (W.D.Pa. 1986), "We therefore conclude that any objection as to timeliness was waived by counsel's failure to object when the arbitrator announced his plans." However, *Local 272* involved a very different situation from the one at hand. There, the arbitrator rendered his decision five days later than the time period specified in the collective bargaining agreement. Prior to doing so, the arbitrator made the parties aware of his plan to delay his decision, and no objection was made. The court noted there was no consequence stated in the collective bargaining agreement if the arbitrator did not render his decision on time. The court concluded, based on past practice between the parties, the time limitation in the collective bargaining agreement was directory and not mandatory.

*Local 272* is legally distinct because it does not address the Act's time limits for seeking clarification and judicial review. Also, the case is factually distinct, because acquiescence occurred before an award

was rendered and before jurisdiction was exhausted.

Symons also cites *Teamsters Local Union No. 764 v. J.H. Merritt and Co.,* 770 F.2d 40 (3d Cir.1985), where the Third Circuit noted a party may waive its right to object to an arbitrator's authority where it voluntarily participates in the arbitration without raising a jurisdictional question. Further, Symons cites *Jones Dairy Farm v. Local No. P-1236, United Food and Commercial Workers Int'l Union, AFL-CIO,* 760 F.2d 173 (7th Cir.1985), for the same proposition. The cases are legally distinct from the current controversy because they do not address the application of statutory time limits. Rather, those cases involve parties voluntarily submitting to arbitration where no legal obligation to do so existed.

We hold that the time limits for clarification and judicial review set forth in the Act should be applied according to their terms. 1 Pa.C.S. § 1921(b)(when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit). These time limits do not relate to submission to the arbitrator; rather, they relate to post-award activities. The time limits for post-award activities, that is, for clarification and judicial review, are jurisdictional in nature and thus non-waivable.

■ In particular, the limit on seeking clarification arises from the unique character of the office of arbitrator, as more fully explained in cases discussing the office in connection with the *functus officio* doctrine. The policy underlying the *functus officio* doctrine is, "an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion." *Stack,* 864 A.2d at 556 (quoting *La Vale Plaza,* 378 F.2d at 572). As the Third Circuit went on to note, "The continuity of judicial office and the tradition which surrounds judicial conduct is lacking in the isolated activity of an arbitrator. . . . This policy of finality, founded on practical considerations, is nourished by the primitive view of the solemnity of all judgments." *La Vale Plaza,* 378 F.2d at 572.

Thus, limit on the ability of an arbitrator to re-examine an award operates to protect against unilateral influence and the lack of finality arising from sporadic, prolonged reconsideration of issues. The limit arises from the nature of the office and implicates policy considerations which are distinct from those pertaining to the concept of waiver.

Symons does not reference any case in which an arbitrator's exhausted jurisdiction is revived by acquiescence. This is not surprising, given the nature of the office of arbitrator and the reasons for limiting re-examination of final awards. Accordingly, Symons' argument that Employer waived any objection to the timeliness of the request for clarification and waived the arbitrator's lack of authority is without merit.

Clearly, the arbitrator was without authority, to make the 2004 clarification as to Symons, as he made a full and final decision when he totally denied her grievance in the 2002 award. Just as clearly, Symons did not seek a timely review of the 2002 award, either within 10 days to the arbitrator or within 30 days to the trial court.[8] Accordingly, Symons' April 2004

---

8. We note Symons makes no attempt to argue her application to the trial court should be considered under the "now for then," or *nunc pro tunc,* doctrine. Although she states she asked the union to appeal the May 2002 award, she did not offer evidence to that

petition to the trial court was untimely, and the trial court properly granted Employer's motion to dismiss.[9]

For the foregoing reasons, we affirm.

## ORDER

AND NOW, this 12th day of October, 2005, the decision of the trial court in the above-captioned matter is **AFFIRMED.**

effect to the trial court. Moreover, she makes no argument there was some type of fraud or breakdown in the court's operation, or non-negligent conduct of Symons or her counsel, that would justify a "now for then" appeal. *C.S. v. Dep't of Pub. Welfare,* 879 A.2d 1274, (Pa.Cmwlth.2005)("An appeal *nunc pro tunc* will be allowed only where the petitioners['] delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his counsel or a third party.").

9. Because Symons' petition to the trial court was untimely, and the trial court committed no error of law when it decided the issue, we need not discuss the merits of her other arguments.