**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF EDUCATION, Plaintiff**

**v.**

**AMERICAN FEDERATION OF TEACHERS, LOCAL 1825, o.b.o. CAROL D. ADAMS, MARIAN M. DAVID, GECELLE YOUNG-HANLEY, DAVID FLEMING, KEVIN LETTSOME AND ROLSTON JOSEPH, Defendants**

Case No. ST-14-CV-015

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 28, 2014

JOSS SPRINGETTE, ESQ., Assistant Attorney General, Government of the Virgin Islands, St. Thomas, USVI, *For the Government.*

AMOS W. CARTY, JR., ESQ., Law Offices of Pedro K. Williams, St. Thomas, USVI, *For the Defendants.*

DUNSTON, *Judge*

## MEMORANDUM OPINION

(July 28, 2014)

Pending before the Court is Defendants' February 3, 2014, Motion to Dismiss.[1] For the following reasons, Defendants' Motion shall be granted.

## FACTUAL & PROCEDURAL HISTORY

Plaintiff, the Government of the Virgin Islands Department of Education, filed a Complaint on January 9, 2014, seeking the vacation of an arbitration opinion and award issued on August 8, 2013, by Arbitrator James M. Litton in the matter of *St. Thomas/St. John American Federation of Teachers o.b.o. Carol Adams, Marian David, David Fleming, Gecelle Young-Hanley, Rolston Joseph, and Kelvin Lettsome v. Government of the Virgin Islands, Department of Education,* Case No. RA-079-12. The arbitration opinion and award resolved a labor grievance regarding six former Department of Education employees in part in favor of Plaintiff, finding that the employees' March 9, 2012, dismissals from employment were for permissible economic reasons under the terms of the relevant Collective Bargaining Agreements.

---

[1] Plaintiff responded on February 28, 2014, to which Defendants replied on March 10, 2014.

However, the arbitration opinion and award also found that Plaintiff violated the Agreements insofar as Plaintiff failed to place Carol D. Adams, David Fleming, Rolston Joseph, Kelvin Lettsome, and Gecelle Young-Hanley on a "recall list" when they were dismissed and failed to provide "bumping" rights for Marian David when she was dismissed.

## STANDARD

Pursuant to FED. R. CIV. P. 12(b)(1), made applicable to the Superior Court through SUPER. CT. R. 7, a defendant may test the sufficiency of the pleadings by seeking dismissal for a lack of subject-matter jurisdiction. When determining a FED. R. CIV. P. 12(b)(1) motion, the Court "may consider affidavits and other relevant evidence outside the pleadings in determining the existence of jurisdiction"[2] because no presumption of "truthfulness attaches to [the] plaintiff's allegations."[3] Once a defendant challenges a plaintiff's pleading on FED. R. CIV. P. 12(b)(1) grounds, the burden shifts to the plaintiff to demonstrate the Court has the authority to hear and decide the case.[4]

## ANALYSIS

Defendants seek dismissal of the Complaint for untimeliness because Plaintiff failed to file a notice of appeal within three (3) months of the August 8, 2013, arbitration opinion and award pursuant to Section 12 of the Federal Arbitration Act (FAA). Plaintiff argues that the August 8, 2013, award was not final because the August 8, 2013, decision was incomplete regarding the remedy outlined for grievant Marian David, and for those reasons Plaintiff filed a Motion for "Clarification" with the Arbitrator on September 3, 2013. The Arbitrator denied Plaintiff's Motion on October 27, 2013, on the basis of *functus officio*. Plaintiff argues that the Arbitrator incorrectly applied *functus officio* and that the three (3) month period should begin to run from October 27, 2013, rather than August 8, 2013.

---

[2] *Stafford v. Hess Oil Virgin Islands, Corp., Inc.*, 1998 V.I. LEXIS 10, *5 (Terr. V.I. 1998).

[3] *Id.* (quoting *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

[4] *See id.*

## I. The common law concept of *functus officio* and its recognized exceptions — including seeking clarification of an award — are applicable in the Virgin Islands.

■■■ The parties do not dispute that *functus officio* applies in this matter. However, while the doctrine is a longstanding common law concept, it appears that no binding precedent exists in the Virgin Islands explicitly adopting the principle and its exceptions. The Court shall adopt it here by balancing the following *Banks* analysis factors:

(1) whether any Virgin Islands courts have previously adopted a particular rule;

(2) the position taken by a majority of courts from other jurisdictions; and

(3) most importantly, which approach represents the soundest rule for the Virgin Islands.[5]

While the first *Banks* factor does not weigh in favor of adopting *functus officio* because no Virgin Islands jurisprudence exists explicitly adopting *functus officio*, it is worth noting that it appears the doctrine has been commonly applied in arbitration proceedings in the Virgin Islands.[6]

■■■ The second *Banks* factor weighs heavily in favor of the adoption of *functus officio* and its exceptions in the context of arbitration because a majority of jurisdictions have applied the principle in some form.[7] Further, a majority of jurisdictions have also liberalized the strict application of *functus officio* by adopting three exceptions to the doctrine to encourage the full resolution of disputes through the arbitration

---

[5] *Simon v. Joseph*, 59 V.I. 611 (V.I. 2013) (interpreting *Banks*). Pursuant to the Supreme Court of the Virgin Islands' holding in *Government of the Virgin Islands v. Connor*, 60 V.I. 597 (V.I. 2014), the Court must conduct a *Banks* analysis to determine the applicable common law absent binding precedent to the contrary.

[6] *See* Compl. at Exhibit 5 (Arbitrator's Ruling on Government's Motion for Clarification of Arbitrator's Opinion and Award, Oct. 27, 2013).

[7] The form in which it is applied is generally dictated by any local statutory authority which may exists in the particular jurisdiction. *See, e.g., Symons v. Schuylkill Cnty. Vocational Sch.*, 884 A.2d 953, 958 (Pa. Commw. Ct. 2005) (recognizing common law *functus officio* doctrine but limiting it to common law arbitration where Pennsylvania statutory law applied).

process, particularly in the context of labor disputes.[8] The Appellate Court of Connecticut in *All Seasons Services, Inc. v. Guildner* explains that

> Federal courts consistently have applied the common-law doctrine of *functus officio* to arbitration awards governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. The doctrine provides that, as a general rule, once an arbitrator has issued a final award, having fulfilled his function, he is without authority to reexamine it. The doctrine originated at a time when judges were hostile to arbitration and distrusted arbitrators' independence. Exceptions to the doctrine of *functus officio* have developed over time as arbitration has become more favored as a means of efficient dispute resolution.[9]

The three commonly accepted exceptions to *functus officio* are:
 (1) an arbitrator can correct a mistake which is apparent on the face of his award;
 (2) where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination; and
 (3) where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify.[10]

In other words, while an arbitrator has no authority after an award has been issued to reexamine, reconsider, or amend the award,[11] the exceptions per-

---

[8] *See, e.g., Teamsters Local 312 v. Matlack, Inc.*, 118 F.3d 985, 992 (3d Cir. 1997); 4 AM. JUR. 2D Alternative Dispute Resolution § 151; 104 A.L.R. 710 (Originally published in 1936) (collecting cases); 6 C.J.S. Arbitration §§ 106, 113.

[9] 94 Conn. App. 1, 10-11, 891 A.2d 97 (2006) (internal citations and quotations omitted) (citing *Colonial Penn Ins. Co. v. Omaha Indemnity Co.*, 943 F.2d 327, 331-33 (3d Cir. 1991); *Green v. Ameritech Corp.*, 200 F.3d 967, 977 (6th Cir. 2000); *Hyle v. Doctor's Associates, Inc.*, 198 F.3d 368, 370 (2d Cir. 1999); *Glass, Molders, Pottery, Plastics & Allied Workers International Union v. Excelsior Foundry Co.*, 56 F.3d 844, 846-47 (7th Cir. 1995); *La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 572 (3d Cir. 1967)).

[10] *Symons*, 884 A.2d at 957.

[11] Since arbitration is governed by an agreement of the parties, *functus officio* does not necessarily apply where both parties agree to reopen the matter before the arbitrator. *See, e.g., T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 343 (2d Cir. 2010). How-

mit an arbitrator to revisit the award only insofar that the arbitrator has either (1) not yet decided an issue submitted to him, and the award is thereby incomplete, or (2) his correction or clarification does not affect the substance of the award.[12]

Finally, the third and most important *Banks* factor weighs heavily in favor of the adoption of *functus officio* and its exceptions because it is consistent with Virgin Island's public policy to encourage the complete arbitration of disputes.[13] Under the FAA, the Court's role is "exceedingly narrow" when parties have agreed to arbitration.[14] The Court's role is to either confirm the award or review the award under the limited scope of the FAA's Sections 10 and 11. *Functus officio* clearly delineates when the arbitrator's authority ends, permitting prompt confirmation or review by the Superior Court. The exceptions to *functus officio*, however, ensure that "the parties get what they bargained for — a final and binding award" — thereby also permitting a more meaningful review if appealed.[15] Thus, considering that two out of the three *Banks* factors weigh heavily in favor of adopting the *functus officio* along with its three exceptions, the Court adopts and applies the doctrine here.

## II. The "clarification" exception to *functus officio* does not toll the FAA Section 12's three (3) month notice requirement.

Under the statutory authority of Sections 10 and 11 of the FAA, which are clearly applicable to the Virgin Islands,[16] a party may move to

---

ever, considering those are not the facts in this matter, the Court will not address that circumstance here.

[12] *See Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, Local 631 v. Silver State Disposal Serv., Inc.,* 109 F.3d 1409, 1411 (9th Cir. 1997).

[13] *See Mustafa v. Amore St. John, LLC,* 58 V.I. 74, 82-83 (V.I. Super. Ct. 2013) (discussing applicable standard when reviewing an arbitration award in the Virgin Islands post *Hall Street Associates v. Mattel,* 552 U.S. 578 (U.S. 2008)).

[14] *Thompson v. World Fresh Market,* 2011 V.I. LEXIS 39, *6 (V.I. Super. Ct. 2011) (quoting *Dluhos v. Strasberg,* 321 F.3d 365, 370 (3d Cir. 2003)); *see* 9 U.S.C.A. § 16 Practice Commentary ("judicial involvement in the process should be kept to the barest minimum . . .").

[15] *See* Daniel C. Tepstein, CONFIRMING AN AMENDED LABOR ARBITRATION AWARD IN FEDERAL COURT: THE PROBLEM OF FUNCTUS OFFICIO, 8 AM. REV. INT'L ARB. 65, 70 (1997).

[16] The FAA is applicable to the Virgin Islands simultaneously "through the RESTATEMENT (SECOND) OF CONTRACTS § 345(f) . . . and section 2 of the FAA." *World Fresh Market v. P.D.C.M. Assocs.,* 2011 V.I. Supreme LEXIS 29 (V.I. Aug. 25, 2011); *see Gov't of Virgin Islands, Dep't of Justice v. United Indus. Worker of N. Am.,* 38 V.I. 170, 987 F. Supp. 439, 444

vacate, correct, or modify an arbitrator's *final* award.[17] However, the FAA is clear that a "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three (3) months after the award is *filed or delivered*" (emphasis added).[18] Here, rather than file a notice of a motion to vacate, modify, or correct an award before the Superior Court within the three (3) month period from the August 8, 2013, award, Plaintiff filed a "Motion for Clarification" on September 3, 2013, with the Arbitrator without obtaining the consent of the opposing party.

First, Plaintiff argues that the August 8, 2013, award's provisions regarding Grievant Marian David were incomplete, and thereby no "final" award was delivered from which the three (3) month period should begin to run. Specifically, Plaintiff challenged the award's instruction to "immediately offer to reinstate David to her former position for the purposes of permitting her to exercise her bumping rights" and "make David whole for all wages and benefits which she would have earned but for the Government's denial of her bumping rights," claiming those terms were ambiguous and unenforceable.[19] The Court finds that these facts fail to establish that the August 8, 2013, award was not final

---

(D.V.I. 1997). Generally, pursuant to the Supreme Court of the Virgin Islands' holding in *Government of the Virgin Islands v. Connor*, 60 V.I. 597, 603, the Court must conduct a *Banks* analysis to determine the applicable common law absent binding precedent to the contrary. *See Simon*, 59 V.I. at 622 (interpreting *Banks*). However, *Connor* also suggests that when otherwise binding precedent blindly follows 1 V.I.C. § 4 and applies the Restatements of the Law, the Superior Court in its discretion may conduct a *Banks* analysis to adopt a different rule. *See Connor*, 60 V.I. at 605, n. 1. Here, while *World Fresh Market* appears to, in part, blindly follow 1 V.I.C. § 4, the Court does not find it necessary to conduct a *Banks* analysis here to adopt a different rule.

[17] *See* 9 U.S.C. § 16(a)(3) ("An appeal may be taken from — a *final* decision with respect to an arbitration that is subject to this title.") (emphasis added).

[18] 9 U.S.C. § 12. This Court recognizes that the procedural rules of the FAA do not preempt applicable local rules of procedure so long as the local rules do not thwart the intention of the FAA. *See Gov't of Virgin Islands, Dep't of Justice v. United Indus. Workers of N. Am.*, 987 F. Supp. 439, 445-46 (D.V.I. 1997). However, considering the Virgin Islands does not have any local rules establishing an alternative statutory period for filing a motion to vacate, modify, or correct an arbitration award, the Court adopts and applies Section 12's three (3) month period here. *See id.*; *Tutu Park Ltd. v. O'Brien Plumbing Co., Inc.*, 180 F. Supp. 2d 673, 675 (D.V.I. 2002).

[19] *See* Compl. at Exhibit 4 (Government's Motion for Clarification of Arbitrator's Opinion and Award).

for the purposes of Sections 12 and 16 of the FAA. Even assuming *arguendo* that the remedy was in fact ambiguous or unenforceable under these facts,[20] such disagreement with the remedy does not result in an incomplete or even partial award.[21] An award is considered "final" where it purports to afford complete relief among the parties by resolving all aspects of the dispute submitted before the arbitrator for resolution.[22] The August 8, 2013, award fully resolved the issues as presented by the Arbitrator[23] by (1) finding Plaintiff violated the relevant Collective Bargaining Agreements only insofar as Plaintiff failed to place Carol D. Adams, David Fleming, Rolston Joseph, Kelvin Lettsome, and Gecelle Young-Hanley[24] on a "recall list" when they were dismissed and failed to

---

[20] An award's specific remedy may be considered ambiguous where the remedy is unenforceable in its practical application. *See, e.g, Colonial Penn Ins. Co.*, 943 F.2d at 334 ("[A]n ambiguity in the award for which the court may remand to the arbitrators may be shown not only from the face of the award but from an extraneous but objectively ascertainable fact. Thus, for example, if an arbitration award directed the transfer of real property, and the district court could ascertain that such property was no longer in the possession of the party directed to transfer it, the remedy would be unenforceable and hence ambiguous.").

[21] *See, e.g, United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960) ("A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award.").

[22] *See Huntington Hosp. v. Huntington Hosp. Nurses' Ass'n*, 302 F. Supp. 2d 34, 40 (E.D.N.Y. 2004) ("An award is deemed final and definite if it resolves the issues submitted to arbitration 'definitely enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication.'") (citing *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) and *Papayiannis v. Zelin*, 205 F.Supp.2d 228, 232 (S.D.N.Y. 2002)); *Am. Fed'n of Gov't Employees, AFL-CIO, Local 3090 v. Fed Labor Relations Auth.*, 777 F.2d 751, 755 (D.C. Cir. 1985) ("a cardinal principle of arbitration that such awards are reviewable and enforceable only if they are 'final' — that is, if they purport to resolve all aspects of the dispute being arbitrated."); *see also* 94 AM. JUR. Trials 211 (Originally published in 2004) ("An award is final if it evidences the arbitrators' intention to resolve all claims submitted to arbitration . . .").

[23] The issues submitted to arbitration were outlined by the Arbitrator as "Did the Government violate the parties' collective bargaining agreement by the manner in which it selected the six grievants to whom it sent letters dated February 21, 2012 and which are at issue in this case? If so, what shall the remedy be?" *See* Compl. at Exhibit 3 (Opinion and Award, Aug. 8, 2013, at 2).

[24] These employees were covered under the Collective Bargaining Agreement for Education Professionals.

provide "bumping" rights for Marian David[25] when she was dismissed; and by (2) providing specific remedies to make the employees whole.[26]

 Second, Plaintiff argues that a motion for clarification of an ambiguous remedy under the "clarification" exception to *functus officio* effectively tolls the three (3) month period. The Court concludes that it does not, by the very definition of the clarification exception. Upon a submission of a party, it is clear that an arbitrator *may* clarify a *final* award where the award is ambiguous. However, an arbitrator only holds such authority because the clarification of an ambiguity does not disturb the substance of the original award. The exception does not provide the arbitrator with the authority to reexamine, reconsider, or amend the award. As a result, even where an award is clarified, the original award is considered final from the date that it was originally "filed or delivered."[27] To permit otherwise would discourage "expeditious dispute resolution"[28] by allowing a litigious party to perpetually extend the three (3) month period for appeal through repetitive motions for "clarification."[29]

 As a final matter, the Court recognizes that the Supreme Court of the Virgin Islands has recently held in *Allen v. HOVENSA, LLC*,[30] that Section 12's three (3) month notice requirement does not establish the Court's jurisdiction, but is rather a claims-processing rule. Specifically, the Supreme Court stated that "[S]ection 12 of the FAA . . . operates as a statute of limitations that may be waived by a party's failure to timely

---

[25] David was covered under the Collective Bargaining Agreement for Support Staff.

[26] *See* Compl. at Exhibit 3 (Opinion and Award, Aug. 8, 2013, at 22-23).

[27] 9 U.S.C. § 12.

[28] *Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999).

[29] Plaintiff argues that "[w]here an application is pending before the arbitrator, the court would [sic] wait their disposition before passing upon a motion to vacate or modify the award . . . [because] the award to be passed upon is the final award after disposition of objections." Plaintiff's Opposition to Defendants' Motion to Dismiss Complaint, Feb. 28, 2014 at 6. Reviewing courts have often remanded arbitral decisions for clarification or have taken into consideration an arbitrator's clarification of a final award upon review. *See, e.g, All Seasons Servs., Inc.*, 94 Conn. App. at 12 ("[P]ermitting an arbitrator to issue a clarification unilaterally is consistent with the purpose of arbitration to serve as an efficient and cost effective means of dispute resolution."). However, the proper remedy in Plaintiff's hypothetical situation would be to stay the Court's review until an arbitrator clarifies its decision rather than extend Section 12's three (3) month notice requirement.

[30] 59 V.I. 430 (V.I. 2013).

44

assert it."[31] Here, the practical assertion of this FED. R. CIV. P. 8(c) defense through a motion to dismiss does not affect the Court's ultimate holding. Considering that Defendants have timely asserted the defense, the Court finds that no waiver has occurred. Plaintiff's cause of action is untimely because Plaintiff failed to file within the three (3) month time period from the date of the award, August 8, 2013, as prescribed by Section 12 of the FAA. As a result, Plaintiff's causes of action asserted pursuant to the FAA will be dismissed.[32]

### III. Declaratory Judgment

 Plaintiff also seeks declaratory judgment that "it is not bound by the decision of the arbitrator." However, the Virgin Island Declaratory Judgment Act, 5 V.I.C. § 1261-1262, does not vest the Court with jurisdiction over an action seeking declaratory judgment absent another independent jurisdictional basis.[33] Thus, considering the Court has found that Plaintiff's cause of action pursuant to the FAA is untimely, and given that Plaintiff asserts no other basis for this Court's jurisdiction, the Court shall dismiss Plaintiff's Complaint in its entirety.

For the foregoing reasons, Defendants' February 3, 2014, Motion to Dismiss shall be granted and Plaintiff's Complaint shall be dismissed. An Order consistent with this Opinion shall follow.

---

[31] *Id.*

[32] *See Louisiana Health Serv. Indem. Co. v. Gambro A B*, 756 F. Supp. 2d 760, 766 (W.D. La. 2010).

[33] *See Richardson v. V.I. Hous. Auth.*, 18 V.I. 351, 355 (D.V.I. 1981).