## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*************

GOVERNMENT OF THE VIRGIN ISLANDS, )
DEPARTMENT OF EDUCATION, )
                                                  )
                Plaintiff, )
                                                  )
v.                                                   )
                                                  )
AMERICAN FEDERATION OF TEACHERS )
LOCAL 1826 on behalf of SOCIAL WORKERS )
And PSYCHOLOGISTS, )
                                                  )
               Defendant. )

ST. CROIX FEDERATION OF TEACHERS, )
INC., ON BEHALF OF ST. CROIX V.I. )
DEPARTMENT OF EDUCATION SCHOOL )
PSYCHOLOGISTS, SOCIAL WORKERS, AND )
EDUCATION DIAGNOSTICIANS, )

                                                  )
                Plaintiff, )
                                                  )
v.                                                   )
                                                  )
GOVERNMENT OF THE VIRGIN ISLANDS )
OF THE UNITED STATES, )
                                                  )
               Defendant. )

CASE NO. SX - 2013-CV-00491

ACTION FOR DECLARATORY
JUDGMENT AND TO VACATE
ARBITRATOR'S DECISION &
AWARD

CASE NO. SX-2014-CV-00352

ACTION FOR CONFIRMATION
OF ARBITRATION AWARD

Cite as: 2020 VI Super 96U

## MEMORANDUM OPINION

### I.     INTRODUCTION

¶1    **THIS MATTER** is before the Court on competing actions regarding an Arbitrator's Award and Order issued on August 28, 2013. The Department of Education of the Government of the Virgin Islands ("Government") seek the issuance of a declaratory judgment confirming the award. The St. Croix Federation of Teachers, Inc. AFT Local 1826 ("Union") want the Award vacated. The Award was issued after the Government and the Union grieved an action in accordance with their Collective Bargaining Agreement ("CBA") and the matter proceeded to arbitration in June 2013. The resulting Decision and Award of Arbitrator, U.S. Virgin Islands

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*          **2020 VI Super 96U**
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
**Memorandum Opinion**
**Page 2 of 11**

PERB NO. RA-132-12 (herein "Arbitration Award and Order") partially upheld the grievance, granted the Union's request for their employees to be compensated for extra hours worked during the 2012-2013 school year. The Government contends that the Arbitrator's decision alters provisions of the parties' agreement and requests this Court to set aside his decision favoring the Union.

¶2      The for reasons set forth below, the Court finds no reason to disturb the Arbitrator's Award and Order.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

¶3      On August 30, 2012, Nicole Jacobs, the Department of Education's Assistant Director for Human Resources, issued a memorandum mandating longer working hours for certain employees within the Virgin Islands Department of Education.[1] Specifically, "social workers, psychologists, and diagnosticians shall be required to work an eight (8) hour day with one (1) hour lunch and shall observe the legal holidays and vacation period associated with the school calendar…."[2] The Union asserted that requiring school psychologists and social workers to "work from 8 a.m. to 5 p.m. without any increase in pay [where] previously their working hours had been 8 a.m. to 3 p.m. for at least 32 straight years" violated the collective bargaining agreement.[3] After following the CBA's grievance procedure, the parties brought their dispute before Arbitrator Steven G. Hoffmeyer at a hearing on June 24 and 27, 2013. After the parties submitted post-hearing briefs, the Arbitrator issued an Award and Order on August 28, 2013, which held that the "Union's request to have the Employer compensate the affected employees at their NOPAs[4] regular hourly rate for the extra hours of 3:00 p.m. to 5:00 p.m. for the time period of school year 2012-2013 is GRANTED" and "the Union's request for this compensation to be continued as long as the extra hours are required is GRANTED."[5] Finally, the Arbitrator ordered the Employer "with all deliberate speed, [to] undertake an action(s) to accomplish payment to the affected employees."[6]

¶4      On November 27, 2013, the Government filed a Complaint requesting that this Court issue a declaratory judgement stating that the Government is not bound by the Arbitration Award and Order. On August 27, 2014, the Union filed a "Counterclaim Complaint" seeking a declaratory judgment confirming the enforceability of the Arbitration Award and Order.

¶5      During a status conference held on March 21, 2016, this Court stated it would allow the parties to file briefs on the merits of their respective applications for declaratory judgment and ordered the parties to file a joint appendix supporting their positions. On December 14, 2017, this Court ordered the parties to file briefs addressing the following questions: (1) Does the Federal

---

[1] J.A. at 204-06.

[2] *Id.*

[3] J.A. at 62.

[4] Notice of Personnel Action ("NOPA").

[5] J.A. at 60.

[6] *Id.*

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*          **2020 VI Super 96U**
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
**Memorandum Opinion**
**Page 3 of 11**

Arbitration Act ("FAA") preempt local statues affording this Court jurisdiction over these matters; (2) Assuming this Court retains jurisdiction, is further discovery necessary in order for this Court to issue a declaratory judgment; (3) What standard of review should this Court apply to determine whether it should vacate the Arbitration Award and Order; and (4) Whether this Court should vacate the Arbitration Award and Order.

¶6      On January 25, 2018, the Government filed its brief addressing questions outlined in the Court's December 14, 2017 Order. In Response, the Union filed its brief on December 12, 2018. The Government filed a Reply to the Union's Brief on February 28, 2018.

¶7      Having reviewed the parties' briefs, joint appendix, exhibits and pleadings on file herein, the Court makes the following findings of fact as relevant to deciding the issues presented: first, whether the FAA preempts contrary local law; second, whether further discovery is necessary for this Court to issue a declaratory judgement; third, if further discovery is not needed, the Court must determine what law governs its review of a binding arbitration award; and lastly decide whether this Court should vacate the Arbitration Award and Order.

### III.     ANALYSIS

#### 1.     The Federal Arbitration Act Does Not Preempt Local Statutes Affording this Court Jurisdiction

¶8      The parties correctly agree that the Federal Arbitration Act "(FAA")" does not preempt local law. Accordingly, the common law of arbitration and this jurisdiction governs the extent to which this Court can review the Arbitrator's Award.

¶9      In providing their analysis, both parties assume that citing to federal case law or the Restatement of Law establish the Court's jurisdiction over arbitral matters. However, arbitration in the Virgin Islands is not governed by statute, so the decisions and application of federal rules represent only persuasive authority and are not binding on this Court.[7]  Until the decision in *Government of the Virgin Islands, Department of Education v. St. Thomas/ St. John Educational Administrators' Association, Local 101,*[8] the Supreme Court of the Virgin Islands had not previously addressed the extent to which arbitration awards are subject to judicial review.

¶10      In *Gov't of Virgin Islands, Dep't of Educ.* the Supreme Court of the Virgin Islands cited authority from the Supreme Court of the United States as persuasive guidance to determine the Superior Court's jurisdictional authority.[9] In doing so, the V.I. Supreme Court first considered

---

[7] *Gov't of Virgin Islands, Dep't of Educ. v. St. Tomas/St. John Educ. Administrators' Ass'n, Local 101, o.b.o. Forde,* 67 V.I. 623, 633 (V.I. 2017).

[8] *Id.*

[9] *Id.* at 629-30 (citing "*United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29 (1987), the Supreme Court instructs that a trial court plays "only a limited role" when reviewing an arbitration award, in that trial courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*                    **2020 VI Super 96U**
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
**Memorandum Opinion**
**Page 4 of 11**

"whether section 10 [of the FAA] preempts contrary local law" and then elected to follow "jurisdictions that have concluded that section 10 of the FAA does not preempt local law in proceeding instituted in local courts."[10]

¶11    Section 10 of the FAA generally delineates the specific grounds upon which a trial court may vacate an arbitration award.[11] In *Hall Street Associates, L.L.C. v. Mattel, Inc.,* "the Supreme Court of the United States concluded that the grounds for vacating or modifying an award set forth in sections 9 through 11 of the FAA are the exclusive bases for vacating or modifying awards under the FAA."[12] Further recognized in *United Industrial,* "the Supreme Court of the United States confirmed that in creating the [FAA], 'Congress' principal purpose [was] ensuring that private arbitration agreements are enforced according to their terms."[13] Accordingly, the Supreme Court in *Gov't of Virgin Islands, Dep't of Educ.* concluded that "given the practices of other jurisdictions since *Hall Street* was decided, and in light of the fact that we have previously questioned the preemptive effect (*see United Industrial,* 64 V.I. at 325–26(collecting cases)), we

errors of fact or on misinterpretation of the contract" because they "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *Id.* at 36, 38."; citing also "*United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599 (1960)). "a [trial] court should not reject an award on the ground that the arbitrator misread the contract.")"; ( "A contrary conclusion undermines the strong federal policy favoring arbitration by permitting trial judges to substitute their opinion for those of the arbitrators."); citing *Enterprise Wheel & Car Corp.*, 363 U.S. at 596)) ("The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards.")).

[10] *Id.* at 632. (citing *Cable Connection, Inc. v. DIRECTV, Inc.*, 190 P.3d 586, 599 (Cal. 2008) ("The [Supreme Court] unanimously left open other avenues for judicial review, including those provided by state statutory or common law.... While the court, of course, *decided* nothing about the viability of these alternatives, their mention in the majority opinion indicates that *Hall Street*'s holding on the effect of the FAA is a limited one.) *See, e.g., Raymond James Fin. Servs. v. Honea*, 55 So. 3d 1161, 1168–69 (Ala. 2010) (interpreting *Hall Street*, treating section 10 of the FAA as "procedural as opposed to substantive law," and retreating from the position that Alabama courts may only apply section 10 when determining whether to vacate or modify an arbitration award); *Finn v. Ballentine Partners, LLC*, 143 A.3d 859, 867–68 (N.H. 2016)(same, with respect to New Hampshire law); *Humitech Dev. Corp. v. Perlman*, 424 S.W.3d 782, 791 (Tex. App. 2014) (same, with respect to Texas law); *cf. Davies v. Waterstone Capital Mgmt.*, 856 N.W.2d 711, 715–16 (Minn. Ct. App. 2014) (concluding that "Minnesota courts may apply state law to motions to confirm or vacate arbitration awards" so long as doing so does not conflict with section 2 of the FAA), *cert. denied*, —— U.S. ——, 136 S. Ct. 78 (2015); *Trombetta v. Raymond James Fin. Servs.*, 907 A.2d 550, 565 (Pa. Super. Ct. 2006) (concluding that section 10 of the FAA did not preempt the provision for vacating or modifying an award contained in Pennsylvania's arbitration act))).

[11] 9 U.S.C.A. § 10. Section 10(a) of the FAA provides: " (a) In any of the following cases the United States court in the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration-- (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.").

[12] *Gov't of Virgin Islands, Dep't of Educ. v. St. Tomas/St. John Educ. Administrators' Ass'n, Local 101, o.b.o. Forde*, 67 V.I. 623, 631 (2017) (citing *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 591 (2008)).

[13] *United Industrial*, 64 V.I. at 326 (recognizing (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989))).

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
Memorandum Opinion
Page 5 of 11

2020 VI Super 96U

elect to follow those jurisdictions that have concluded that section 10 of the FAA does not preempt local law in proceedings instituted in local courts." [14]

¶12    In determining the best rule for this territory, the V.I. Supreme Court further explained that "this does mean that parties may not contract for the provisions in section 10 to govern the judicial review of an arbitrator's award."[15] Citing *Volt Info. Scis.*, the Supreme Court reasoned "[t]here is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate."[16] Therefore, the FAA does not preempt local statutes affording this Court jurisdiction over this matter.

¶13    In this case, the agreement to arbitrate contained in the CBA[17] does not explicitly contract for the procedures set forth in section 10 of the FAA to govern judicial review. The parties agreed in Article III, Section IV that "the arbitration shall be conducted in accordance with the Voluntary Labor Arbitration Rules of the American Arbitration Association." [18] Thus, the Arbitrator had authority to process disputes that first advanced through the grievance process and the parties agreed that his decision would be final and binding.[19]

### 2. Further Discovery is Not Necessary for this Court to Consider the Issuance of a Declaratory Judgment

¶14    Both parties agree that there is no need for additional discovery for this Court to consider whether to vacate the Arbitration Award and Order. The Court finds the record sufficient to address the parties' request for declaratory relief.

¶15    On April 1, 2016, the Union filed a Notice which in part, informed the Court of the Union's unsuccessful attempt to retrieve the arbitration hearing's audio recording. In the Notice, the Union requested that this Court accept the post-arbitration hearing briefs as a satisfactory substitution for the audio recordings when determining what evidence was admitted during the arbitration hearing. On January 11, 2018, the Government and the Union filed a comprehensive joint appendix consisting of over six hundred (600) pages of exhibits, oral testimony, and documents introduced into evidence at the arbitration hearing. The joint appendix also includes both parties' post-arbitration hearing briefs and the Arbitrator's complete Award and Order. Therefore, the Court finds that further discovery is not necessary.

---

[14]*Gov't of Virgin Islands Dep't of Edu.,* 67 V.I. 623 at 632.

[15] *Id.*

[16] *Id.* (citing *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) at 476.)).

[17] J.A. at 233.

[18]J.A. at 234 (CBA at 14, Step IV, Article III).

[19] *Id.*

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*     **2020 VI Super 96U**
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
**Memorandum Opinion**
**Page 6 of 11**

### 3.  Scope of Superior Court Review

#### a.  *Vacating an Arbitration Award*

¶16     Since arbitration in the Virgin Islands is not governed by statute, the Court must consider the common law to ascertain the extent to which the Superior Court may review a binding arbitration award. The Supreme Court of the Virgin Islands in *Gov't of Virgin Islands, Dep't of Educ.* conducted a *Banks* analysis and determined that "under the common law, the Superior Court may only vacate an arbitrator's award if: (1) the arbitrator exceeded his or her authority in rendering the award (which may include ignoring limits in the arbitration agreement itself on issues to be arbitrated or remedies the parties agreed to make available); (2) if the award was the product of fraud, partiality, or malfeasance on behalf of the parties or the arbitrator—or if the award was predicated upon a mistake flowing from such conduct; or (3) the arbitrator manifestly disregards the law."[20]

¶17     The Union argues this Court should apply the standard of review in *Gov't of Virgin Islands, Dep't of Educ.* to determine whether this Court should vacate the Arbitration Award and Order. But, the Union asserts that this Court's scope of review should be narrower than that of the appellate court in *Gov't of Virgin Islands, Dep't of Educ.* [21]

¶18     Conversely, the Government contends that "the Union's argument that the ...decision somehow creates an even narrower standard of review...is misplaced." They claim this Court "must uphold an award that 'draws is essence from the collective bargaining agreement.'"[22] The Government explains that "in the essence test, an award draws its essence from a collective bargaining agreement if 'its interpretation can in any rational way be derived from the agreement, viewed in light of its language, context, and any other indicia of the parties' intention'."[23] The Government also argues Section 10 of the FAA authorizes this Court to vacate an arbitrator's award. However, in their Reply, the Government acknowledges that the standard of review in *Gov't of Virgin Islands, Dep't of Educ.* "provides the same parameters as the essence test where it provides the Superior Court under common law the authority to vacate an arbitrator's award..." in a somewhat restricted scope.

¶19     Therefore, this Court's standard of review in vacating an arbitration award is determined by the common law of the Virgin Islands as set forth in *Gov't of Virgin Islands, Dep't of Educ.*

---

[20] *Gov't of Virgin Islands Dep't of Edu.,* 67 V.I. 623 at 642.

[21] Union Brief at 10. (citing *Gov't of Virgin Islands Dep't of Edu.,* 67 V.I. 623, (*explaining* that "unless otherwise bargained for, a mistaken application of the law does not expose an award to judicial review" and "a clause indicating that an arbitration shall 'proceed in accordance with the laws of the US Virgin Islands' would signal that the parties intended for the arbitrator to apply those laws and not others.")).

[22] Gov't Brief at 4 (referencing *Gov't of the Virgin Islands v. United Indus. Workers,* 64 V.I. 312 at *10-11 (V.I. 2016)).

[23] *Id.*

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*    **2020 VI Super 96U**
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
**Memorandum Opinion**
**Page 7 of 11**

### b.  *Declaratory Judgment*

¶20    Section 1261 of the Virgin Islands Code governs the scope of a declaratory judgment. When ruling on an action for declaratory judgment, the Court "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed…The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."[24] However, the "Virgin Islands Declaratory Judgment Act did not vest the court with jurisdiction over an action seeking declaratory judgment absent another independent jurisdictional basis."[25] Thus, the Court must have an independent jurisdictional source to consider an action for declaratory judgment.

¶21    In this case, the underlying action is based on the parties' request of this Court to confirm or vacate the Arbitrator's Award and Order under the provisions of the Federal Arbitration Act ("FAA"). Because the Supreme Court of the Virgin Islands has previously granted the Superior Court the ability to review a binding arbitrator's award,[26] and the FAA applies substantively to the proceedings of this Court without preempting local laws, the Court finds that an independent jurisdictional basis exists to rule on the pending motion and underlying Complaint.

### 4.   **The Court Finds No basis for Vacating the Arbitrator's Award and Order**

¶22    Finally, the Court finds no basis for vacating the Arbitrator's Award and Order in this case. The Arbitrator did not exceed his authority in rendering his award, nor did his decision in favor of the Union manifestly disregard the law.

¶23    As previously discussed, the Superior Court may only vacate an arbitrator's award if: (1) the arbitrator exceeded his or her authority in rendering the award (which may include ignoring limits in the arbitration agreement itself on issues to be arbitrated or remedies the parties agreed to make available); (2) if the award was the product of fraud, partiality, or malfeasance on behalf of the parties or the arbitrator—or if the award was predicated upon a mistake flowing from such conduct; or (3) the arbitrator manifestly disregards the law.[27] In this case, the first and third subsections of this standard are at issue in this case. Accordingly, the Court will limit its review of the Award and Order to address whether the Arbitrator exceeded his authority in rendering the decision and whether he manifestly disregards the law.

---

[24] 5 V.I.C. § 1261.

[25] *Gov't of the Virgin Islands v. AFT, Local 1825*, 61 V.I. 34, 2014 V.I. LEXIS 57 (V.I. Super. Ct. 2014) (finding that a plaintiff's cause of action pursuant to the Federal Arbitration Act was untimely, and because plaintiff asserted no other basis for the court's jurisdiction, the court dismissed the complaint).

[26] *Gov't of Virgin Islands Dep't of Edu.*, 67 V.I. 623; *See also Gov't of the Virgin Islands v. United Indus. Workers*, 64 V.I. 312 (V.I. 2016)).

[27] *Id.* at 642.

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*                    **2020 VI Super 96U**
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
**Memorandum Opinion**
**Page 8 of 11**

### a. The Arbitrator Did Not Exceed His Authority in Rending the Award

¶24    The Court finds that the Arbitrator did not exceed his authority in rending the Award in favor of the Union. Courts in this jurisdiction evidence a history of deference to an arbitrator's decision.[28] In *Mustafa,* an arbitrator exceeds his power of authority under Section 10 of the FAA only "when he decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether."[29] Also, "as the best indication of the parties' intent, the language of the contract itself defines the scope of an arbitrator's authority."[30] Echoed in *Gov't of Virgin Islands Dep't of Edu*, arbitration awards that do not reflect the parties' bargain are subject to judicial impeachment for exceeding "the scope of authority conferred by the contract."[31] Here, the Court finds that the Arbitrator did not exceed his scope of authority. As evidenced by detailed reasoning in the Award and Order, his decision is based on a reasonable interpretation of the CBA and was in accordance with the parties' agreement.[32] Further, the Court finds that the Arbitrator's decision considers the parties' intent when interpreting the language of the contract itself. Therefore, the Court finds his Award and Order is sufficiently derived from the parties' submissions.

¶25    The Government argues that "the arbitrator in this case simply acted outside the scope of his contractually delegated authority…"[33] In support, the Government claims that 1) the Arbitrator's award invented new or inconsistent obligations based on his own sense of fairness or non-binding past practices that was against clear and unambiguous CBA language; and that 2) the

---

[28] *Id.* at 633.

[29] *Mustafa v. Amore St. John, LLC,* 58 V.I. 74, 80 (V.I. Super. Mar. 4, 2013) (citing *Sutter v. Oxford Health Plans* 675 F.3d 215, 220 (3d Cir.2012) ("By contractually restricting the issues they will arbitrate, the individuals with whom they will arbitrate, and the arbitration procedures that will govern, parties to an arbitration agreement may place limits upon the arbitrator's powers that are enforceable by the courts…. But when the arbitrator 'strays from interpretation and application of the agreement and effectively 'dispenses his own brand of industrial justice,' he exceeds his powers and his award will be unenforceable.") (internal citations omitted). The United States Supreme Court granted certiorari on December 7, 2012, but only to resolve the circuit split on the arbitrator's scope of authority to authorize class arbitration.).

[30] *Gov't of Virgin Islands Dep't of Edu.,* 67 V.I. 623 at 638 (citing "*See Water Pipe Ext. & Bureau of Eng'g Laborers' Local 1092 v. City of Chicago*, 741 N.E.2d 1093, 1099–100 (Ill. Ct. App. 2000)").

[31] *Id.*

[32] J.A. at 233.

[33] Gov't Brief at 11. (referencing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36, 98 L. Ed. 2d 286, 108 S. Ct. 364 (1987); *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123,1128 (3d Cir. 1969) (noting limited review but stating that arbitrator's interpretation must still be derived from the agreement)); *Newark Morning Ledger Co. v. Neward Typographical Union Local 103*, 797 F.2d 162, 165 (3d Cir. 1986) (an award may be set aside when an arbitrator manifested a disregard of his authorization, and instead 'dispensed his own brand of industrial justice')); *Pa. Power Co. v. Local Union No.* 272, 276 F.3d 174, 181 (3d Cir. 2001) (holding that arbitrator's award was improper personal brand of justice where arbitrator overrode clear and specific terms of agreement by importing inapplicable anti-discrimination policy into employee benefit policy)); and *Brentwood Med. Assocs. V. United Mine Workers of Am.*, 396 F.2d 237, 243 (3d Cir. 2005) (holding that 'arbitrators quotation of language not present in the agreement' was improper but even then finding that vacatur was unwarranted))).

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
**Memorandum Opinion**
**Page 9 of 11**

**2020 VI Super 96U**

Arbitrator acted outside the scope of his delegated authority by not drawing his decision from the essence of the agreement.

¶26    Based on a complete reading of the Arbitration Award and Order, the Court determines that his findings were rational and derived from the parties' submissions as demonstrated by the detailed level of reasoning.   Specifically, the arbitrator acknowledges "the disputed M(4)(d) section [of the CBA] does not self-identify what it relates to; it leaves many aspects of 'who, what, when, where, why' unanswered. Thus, the language is subject to multiple interpretations, which is, ironically, supported by the multiple Employer offerings of defense to this action."[34] The Arbitrator explains that the "lack of internal identification, definition, and multiple interpretations results in ambiguity. Other evidence needs to be considered to resolve this language's meaning."[35] Therefore, the Court finds that the Arbitrator did not exceed his scope of authority by concluding that the language of the CBA was not clear and unambiguous.

¶27    Although the Government contends that the arbitrator "ignored the expressed bargained for provision in the CBA" by considering "past practice," the Court finds that he had the authority to determine whether the disputed section of the CBA obliged the Government to compensate affected employees for additional hours of work. His decision did not "essentially [write] into the contract that past practices prevail …no matter what the parties bargained for in the CBA," as the Government claims. Instead, the Arbitrator carefully reviewed the parties' arguments regarding the multiple applications of the disputed section and exercised his authority to interpret it accordingly.[36] The Supreme Court of the Virgin Islands found "as the best indication of the parties intent, the language of the contract itself defines the scope of an arbitrator's authority…but, by consenting to binding arbitration, parties relinquish the legal and procedural safeguards that accompany judicial proceedings."[37] Similarly, "so long as an award derives from the legitimate exercise of an arbitrator's power, a court may not alter an award based on its own notions of justice or sounds policy, as doing so evidences a judicial disregard for the parties' chosen form of dispute resolution."[38]

¶28    The Government also claims "that the arbitrator's award is not rationally derived from the CBA [because] the CBA between the parties is clear as to the number of hours the professionals are to work during a workday."[39] However, "the fact that a party—or even a reviewing court—

---

[34] J.A at 51.
[35] *Id.*
[36] J.A. 48-60.
[37] *Id.* at 641 (referencing *Doe*, 900 S.W.2d at 584). *See* J.A. at 234 (Article III, Step IV of the CBA "The decision of the arbitrator will be accepted as final by the parties to the dispute. No decision shall be binding which, by its terms, alters amends or varies provisions of the contract.").
[38] *Id.* at 640 (referencing Cf. *Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 433-39 (V.I. 2016)).
[39] Gov't Brief at 10.

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
**Memorandum Opinion**
**Page 10 of 11**

2020 VI Super 96U

merely disagrees with how an arbitrator interprets a contract is not sufficient grounds to vacate the arbitrator's decision."[40]

¶29    In this case, the Arbitrator determined that the language and application of the disputed section of the CBA was ambiguous enough to require interpretation. It is within his scope of authority to conclude as such. Therefore, the Court perceives no basis for vacating his award merely because the Government disputes how the Arbitrator considered section M(4)(d) of the CBA.

### b.    *The Award and Order issued by the Arbitrator Did Not Manifestly Disregard the Law*

¶30    Contrary to the Government's argument, the Court finds that the Arbitrator did not manifestly disregard the law when issuing his order in favor of the Union. Virgin Islands common law permits a court to vacate an arbitration award when the arbitrator manifestly disregards the law.[41] An "arbitrator's interpretation of an undefined term does not constitute a manifest disregard of the CBA's contractual provisions, or of the applicable law."[42] Additionally, "a mistaken application of the law does not expose an award to judicial review."[43]

¶31    Here, the Government argues "the arbitrator accepting and using extrinsic evidence is in direct violation of the parties' CBA and in contradiction to the parol evidence rule."[44] The Government explains "under the parol evidence rule, a written instrument that is intended to be the parties final complete [integrated] agreement cannot be varied by any prior statements or agreements, oral or written or by and contemporaneous oral statement or agreements."[45]

¶32    The Court agrees that "a writing intended as the entire understanding of the parties is then subject to the parol evidence rule which precludes consideration of extrinsic evidence of prior or contemporaneous agreements extending or altering the authority granted in a writing."[46] However, the parol evidence rule does not bar all subsequent proof that additional agreements of the parties intent exist and could be given force. Specifically addressing this issue, "the United States Supreme Court noted in dicta,

> Yet even a written contractual provision declaring that the contract contains the complete agreement of the parties, and that no antecedent or extrinsic representations exist, does not conclusively bar subsequent proof that such additional agreements exist and should be given force. The provision denying the

---

[40] *Id.*

[41] *Gov't of Virgin Islands Dep't of Edu.,* 67 V.I. 623 at 642.

[42] *Id.* at 641.

[43] *Id.* (referencing *Goodwine v. Miller,* 32 Ind. 419, 421-22 (1896) ("[I]f judges chosen by the parties erroneously decide a question of law, the court will abide the decision.")).

[44] Gov't Brief at 4.

[45] *Id.*

[46] *Phillips v. Andrews,* 332 F.Supp.2d 797, 803 (D.V.I.2004) (citing *Finley v. Mole* (D.V.I. 2015)).

*Gov't of the V.I. v. Am. Fed'n of Teachers, Local 1826*     **2020 VI Super 96U**
Case No. SX-2013-CV-00491
*St. Croix Fed'n of Teachers, Inc. v. Gov't of the V.I.*
Case No. SX-2014-CV-00352
**Memorandum Opinion**
**Page 11 of 11**

existence of such agreements, of course, carries great weight, but it can be set aside by a court on the grounds of fraud, mistake, duress, or on some ground that is sufficient for setting aside other contracts."[47]

¶33     Further, the Government contends the Arbitrator violated the law by "applying the provisions of the Personnel Merit System of Title 3 of the Virgin Islands Code, Section 561 which requires Government employees to work a 40-hour week [and replacing it] with the collective bargaining agreement."[48] However, it is not the role of the Court to determine whether the arbitrator mistakenly applied Section 561 of Title 3 because mistaken application of the law does not expose an arbitral award to judicial review.[49] Therefore, the Court finds that the Arbitrator did not manifestly disregard the law in his Award and Order.

## IV.     CONCLUSION

¶34     After considering the parties' briefs, joint appendix, exhibits and pleadings on file herein, the Court finds that 1) the FAA does not preempt local statutes affording this Court jurisdiction; 2) further discovery is not necessary for this Court to issue a declaratory judgment; and 3) there is no basis to vacate the Arbitrator's Award. The Arbitrator did not exceed his authority in rending the Award in favor of the Union as demonstrated by his detailed reasoning in the Award and Order, the parties' agreement to arbitrate, and his interpretation of the disputed section of the CBA. In finding that the disputed language and application was ambiguous enough to require interpretation, the Arbitrator appropriately reviewed the parties' arguments and decided accordingly. Additionally, the Government has failed to convince the Court that the Arbitrator manifestly disregarded the law when issuing his award. The Court finds his analysis appropriate and therefore has no basis to vacate his decision. The Arbitration Award and Order issued on August 28, 2013, in the matter of *In re Arbitration between American Federation of Teachers, Local 1826 School Psychologists and Social Workers and United States Virgin Islands Department of Education, U. S. Virgin Islands*, PERB No. RA-132-12  will be confirmed.

A judgment consistent with this Memorandum Opinion follows.

DATED: 11/24/2020

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court
BY:
**DONNA D. DONOVAN**
Court Clerk Supervisor   11/24/2020

---

[47] *Finley v. Mole* (D.V.I. Apr. 1, 2015) (citing *Blackledge,* 431 U.S. at 75 n.6).
[48] Gov't Reply at 5.
[49] *Supra* at n.41.